# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**PATRICK ROBERTSON**     **PETITIONER**
**ADC #94110**

v.     **NO. 5:07CV00085-JLH-BD**

**LARRY NORRIS,**     **RESPONDENT**
**Director, Arkansas Department**
**of Correction**

## RECOMMENDED DISPOSITION

**I.**   **Procedure for Filing Objections**

The following recommended disposition has been sent to Chief United States District Judge J. Leon Holmes.  Any party may file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date you receive the Recommended Disposition.  A copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

> Mail your objections and "Statement of Necessity" to:
>
>> Clerk, United States District Court
>> Eastern District of Arkansas
>> 500 West Capitol Avenue, Room A-149
>> Little Rock, AR 72201-3325

**II.     Background**

Petitioner is currently serving a sixty-year sentence in the Tucker Maximum Security Unit of the Arkansas Department of Correction ("ADC") arising from a 1994 conviction for delivery of a controlled substance. Petitioner does not challenge his 1994 conviction in this petition. Instead, he challenges his classification as a third offender for parole eligibility purposes. Under Arkansas law, third offenders are not eligible for parole until they have served three-quarters of their sentences. ARK. CODE ANN. § 16-93-606 and 607.

In 1989, Petitioner was charged in Jefferson County Circuit Court (Case No. CR89-717-1) with possession of a controlled substance (crack cocaine) in violation of ARK. CODE ANN. § 5-64-401. Petitioner pled guilty to that charge and was placed on probation. In 1990, Petitioner was convicted of burglary, a Class B felony, in Jefferson County Circuit Court Case No. 90-35-1. He also pled guilty to forgery in the second degree, and as a result, the court revoked his probation on the 1989 charge and sentenced him to imprisonment on concurrent six-year terms. In 1991, Petitioner was convicted of theft of property in Jefferson County Circuit Court Case No. 91-433. For this conviction, Petitioner was sentenced to imprisonment for a period of ten years in the ADC. After a

1994 jury trial, Petitioner was convicted of possession of a controlled substance (crack cocaine), a Class Y felony in Jefferson County Circuit Court Case No. CR 93-44-2. Petitioner was sentenced to imprisonment for sixty years. He is currently serving this sentence in the ADC. In January, 1995, Petitioner was transferred to the Cummins Unit of the ADC and his release dates were changed due to his classification as a third offender.

In 2003, Petitioner petitioned the Jefferson County Circuit Court for a writ of mandamus claiming the ADC incorrectly classified him as a third offender. The Circuit Court denied the petition on September 15, 2003, stating "the record and pleadings with attachments shows clearly that the Petitioner is a third offender and that the Respondents are properly calculating his parole eligibility as such." (Exhibit E to Petition) Petitioner appealed the denial of the writ to the Arkansas Supreme Court which on February 10, 2005, affirmed on the grounds that the record filed by Petitioner was insufficient to determine whether Petitioner had a right to the requested relief. *Robertson v. Norris*, 360 Ark. 591, 594, 203 S.W.3d 82, 84 (2005). Petitioner filed a motion with the Arkansas Supreme Court to file a belated petition for rehearing which was also denied. *Robertson v. Norris*, No. 03-1205, 2005 WL 1177855 (May 19, 2005). Petitioner then attempted to file an "Application for Extraordinary Writ" which the clerk declined to file. *Robertson v. State of Arkansas*, No. 03-1205, 2007 WL 616017 at *1 (March 1, 2007). In response,

Petitioner filed a motion for rule on the clerk asking that the clerk be directed to file the original action. *Id*. That motion was also denied. *Id*.

In July, 2005, Petitioner filed a lawsuit in the United States District Court for the Eastern District of Arkansas under 42 U.S.C. § 1983 seeking damages for the alleged miscalculation of his parole-eligibility date. *Robertson v. Sumner*, No. 5:05cv00209 (E.D. Ark. February 6, 2006). The District Court granted defendant's motion for summary judgment based on Petitioner's failure to exhaust his administrative remedies. Petitioner appealed, and the Eighth Circuit affirmed but on separate grounds. *Robertson v. Sumner*, 218 Fed. Appx. 548, 549, 2007 WL 715976 at **1 (8th Cir. 2007). Citing *Heck v. Humphrey*, 215 U.S. 477, 486-87 (1994), the Eighth Circuit held that Petitioner's claim was not cognizable under 42 U.S.C. § 1983, but that his claim must be brought as a habeas claim because it seeks to invalidate the duration of his confinement. *Id*.

On April 20, 2007, Petitioner filed this habeas petition (#2), again claiming that Respondents have wrongly classified him as a third offender for parole eligibility purposes. The Respondent argues that the petition is barred by the statute of limitations or, alternatively, that it is procedurally barred.

### III.   Analysis of Petitioner's Claims

A.   *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d)(1), established a one-year statute of limitations during which a state

prisoner must commence a habeas corpus proceeding under 28 U.S.C. § 2254. The statute provides that the limitation period shall run from, "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D) Prisoners whose convictions became final before the AEDPA effective date had a one-year grace period running from the statute's effective date (April 24, 1996) to file a petition.

In this case, petitioner knew or should have known through the exercise of due diligence that he had been classified as a third offender for parole eligibility purposes in January, 1995. Because the classification was applied before the AEDPA's effective date, he would have had until April 24, 1997, to file a petition. Yet, Petitioner did not file this habeas petition until April 20, 2007, ten years later.

B.   *Equitable Tolling*

Petitioner's habeas petition is barred unless it is subject to equitable tolling. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001). Title 28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."

Equitable tolling applies only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time or when the conduct of the respondent has lulled the plaintiff into inaction. *Id*. (citing *Kreutzer v. Bowersox*, 231

F.3d 460, 463 (8th Cir. 2000)). Equitable tolling is an "exceedingly narrow window of relief." *Id*. at 805; see e.g., *Shoemate v. Norris*, 390 F.3d 595, 598 (8th Cir. 2004) (holding that pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings are inadequate grounds to warrant equitable tolling); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1014 (8th Cir. 2003) (holding that petitioner's failure to recognize the importance of the one-year statute of limitations is not an extraordinary circumstance warranting equitable tolling).

  Petitioner contends that his case should be equitably tolled until March 1, 2007, when the Arkansas Supreme Court denied his motion for rule on the clerk asking that the clerk be directed to file his "Application for Extraordinary Writ." *Robertson v. State of Arkansas*, No. 03-1205, 2007 WL 616017 at *1 (March 1, 2007). Petitioner claims he acted diligently by pursuing a writ of mandamus with the trial court, an appeal of denial of the writ with the Arkansas Supreme Court, a motion to file a belated petition for review, and another application for an extraordinary writ. This argument ignores the fact that Petitioner did not file a petition for writ of mandamus with the trial court until March, 2003, more than eight years after he knew or should have known about his classification as a third offender. As the United States Supreme Court stated in *Johnson v. U.S.*, 544 U.S. 295, 310, 125 S.Ct. 1571 (2005), "diligence can be shown by prompt action on the

6

part of the petitioner as soon as he is in a position to realize that he has an interest in challenging the prior conviction with its potential to enhance the later sentence." *Id*.

Petitioner's only explanation for waiting to file the writ of mandamus is that he "was not able to discover the actual TIME the Respondents violated petitioner 8th Amendment" rights until he filed his petition for a writ of mandamus with the Jefferson County Circuit Court. However, the fact that he filed his petition for writ of mandamus before he had a copy of his "inmate record" showing the actual time of his classification as a third offender indicates that Petitioner knew of his classification but waited more than eight years to petition the trial court for a writ of mandamus.

Petitioner was in a position to realize that he had an interest in challenging the classification as a third offender in January 1995, and he did not act diligently to do so. Accordingly, the Court recommends the petition be dismissed as barred by the statute of limitations.

C.   *Actual Innocence*

After receiving Respondent's response to the Petition, Petitioner filed an Amended Petition arguing that he is "actually innocent" of the 1989 conviction in case CR-89-712-1 because "the sentencing court had no authority to sentence him to the term of years and/or probation if the charge was a Class 'Y' Felony." This argument fails for a number of reasons. First, the argument fails because petitioner is not alleging that some action or inaction on the part of the Respondent prevented him from discovering the relevant facts

underlying his claim of innocence in time to file a petition challenging his sentence within the limitations period. *Jihad v. Hvass*, 267 F.3d 803, 805-06 (8th Cir. 2001).

Second, this argument fails because the 1989 conviction is now "conclusively valid." In *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 121 S.Ct. 1567 (2001), the United States Supreme Court held that:

> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Id*. at 403-404. The only exception to this general rule is when there was a failure to appoint counsel, in violation of the Sixth Amendment, in the prior conviction used to enhance the sentence. *Id*. at 404. In this case, Petitioner does not challenge his 1989 conviction on the grounds of a failure to appoint counsel. There is nothing in the record to indicate that Petitioner challenged his 1989 conviction or sentence until he filed his Amended Petition in June, 2007. By that time, Petitioner had completely served his sentence on the 1989 conviction, and the time for attacking that conviction and sentence had long passed. Accordingly, Petitioner cannot challenge his 1989 conviction in this proceeding; thus, the Court recommends that his petition be dismissed.

D.   *Motion for Evidentiary Hearing*

Pending before the Court is Petitioner's Motion for Evidentiary Hearing (#18). It is the general practice of the Court to resolve habeas Petitions based on the pleadings alone and to hold hearings only if there are factual issues that need to be resolved. See Rule 8 of the Rules Governing § 2254 Cases (providing that a district court has the discretion to hold an evidentiary hearing if a habeas petition is not dismissed at an earlier stage in the proceeding). After reviewing the record, the Court has not found any factual issues to be resolved. Accordingly, the Court recommends that Petitioner's request for a hearing (#18) be denied as moot.

**IV.   Conclusion**

The Court recommends Petitioner's Petition for Writ of Habeas Corpus (#2) be dismissed with prejudice and that Petitioner's Motion for Evidentiary Hearing (#18) be denied as moot.

DATED this 31st day of August, 2007.

_____
UNITED STATES MAGISTRATE JUDGE